PRESIDENT AND TRUSTEES OF BATES COLLEGE *vs.* SARAH C. BATES & others, executors.

Middlesex. Jan. 17, 18. — Sept. 4, 1883. FIELD & W. ALLEN, JJ., absent.

B. wrote to the president of a college as follows: "If you can raise one hundred thousand dollars within five years from date to aid the college, you may rely upon me for one hundred thousand in addition to what I have already given." *Held*, in an action upon this letter, as a contract on the part of B., that the condition therein required the raising of one hundred thousand dollars in money, and was not satisfied by a promise of money contained in a vote of a society, to the payment of which a condition was attached.

HOLMES, J. The plaintiff declares upon the following letter, which it sets up as a contract on the part of the defendant's testator: "Boston, February 21, 1873. Rev. O. B. Cheney, President. My dear Sir, — If you can raise one hundred thousand dollars within five years from this date to aid the Bates College, you may rely upon me for one hundred thousand in addition to what I have already given. Your obedient servant, B. E. Bates." At the trial, the presiding judge ruled that the condition required the raising of one hundred thousand dollars in money, and that it had not been complied with or waived; and ordered a verdict for the defendants. The evidence is reported, and, if the rulings were correct, or if, upon the evidence, the plaintiff cannot maintain its action, judgment is to be entered upon the verdict.

We think that the ruling was correct. The condition, even if ambiguous, should be construed so as to give Mr. Bates reasonable security for its performance. It would hardly be just for the law to make him pay his money when the other hundred

thousand dollars rested upon merely honorary obligations incapable of legal enforcement. We read the word "raise" as meaning "collect," the synonym given in the dictionaries.

But it was said that, even assuming that the letter required one hundred thousand dollars to be collected, there was evidence that this requirement was subsequently waived. Perhaps it would be enough to answer, that no such waiver could be shown. It might be said, that raising the money not only was a condition, but was the stipulated consideration for the promise in Bates's letter, if there was any consideration for it. The plaintiff declares on the letter. If the consideration stipulated in the letter was changed, a new promise was necessary, and that contained in the letter was not binding. If the position should be modified, and it should be said that the consideration was not changed, but that, after it was partially furnished, performance of the residue was waived, the plaintiff would have to meet the argument that the portion which had been executed could not support a new promise and did not support the old one. We do not say that this argument is unanswerable, — we express no opinion upon it, or whether there was any evidence that Mr. Bates did so waive his original terms and consent to take promises instead of money. For if it be assumed that the supposed waiver was possible and took place, or even that our construction of the original letter is wrong, and that gratuitous promises satisfied the condition as first written, still the promises obtained were not such as were called for, and the defects in one of them were never waived, because, so far as appears, they were never known.

If promises were enough, it was at least necessary that they should be absolute and unconditioned. *New York Exchange Co.* v. *De Wolf*, 31 N. Y. 273. And such promises were not given for the requisite amount.

In order to make out that one hundred thousand dollars were raised, the plaintiff has to rely on a promise of twenty-five thousand dollars from the Freewill Baptist Education Society. This promise was made by a vote, one of the terms of which was that "these funds shall be available . . . . as long as all teachers in these colleges supported in whole or in part by the income of the funds of the society shall be approved by the executive

committee of this society." The gift was not to be a gift of the money outright, but was to be conditional and limited. It was to be made practically dependent upon the will of the donor, or at least upon the donor's being given a share in the control of the college. Such a condition may have been very proper and beneficial, and may have struck the president of the college as likely to work well, but it was inconsistent with the requirements of Mr. Bates's offer. And this defect cannot be taken to have been waived, because there is no evidence that it was known to Mr. Bates. It is true that he expressed satisfaction at what the society had done, but that went only to their having agreed to give so large a sum. The plaintiff's counsel themselves state that they do not contend that the resolutions were read to Mr. Bates, but say that, if he was not sufficiently informed as to the exact vote, he should have asked for further particulars. Mr. Bates, however, owed no duty to the college with regard to its part of the work. It was for the college to see that it complied with the conditions and furnished the consideration of his promise. So long as he did not knowingly mislead it as to what would be a compliance, of which there is of course no pretence, it proceeded at its peril, and it failed.

As the defendant must prevail on the ground that the plaintiff has not satisfied the condition of Mr. Bates's promise, it is not necessary to discuss the question whether compliance with that condition would have constituted a consideration, or whether any other consideration can be discovered.

*Judgment on the verdict.*

*W. Gaston & G. E. Smith,* for the plaintiff.
*E. R. Hoar & E. W. Hutchins,* for the defendants.